IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LANARIUS HODGES,

    Plaintiff,

v.

MICHAEL L. CHERNIN, ROBERT LEE TAYOR
and PETER KOVAC,

    Defendants.

OPINION and ORDER

Case No. 16-cv-71-wmc

*Pro se* plaintiff Lanarius Hodges brings this lawsuit against three attorneys who represented him in a criminal case in state court. *See State v. Hodges*, 2013CF5055 (Milw. Cty.). Wisconsin's online court records for the case show that Hodges was convicted after a jury trial of one count of first degree recklessly endangering safety, one count of delinquent possession of a firearm and one count of reckless use of a firearm.

Specifically, Hodges contends that his attorneys, Michael Chernin, Robert Lee Taylor and Peter Kovac, made numerous errors in the criminal proceedings entitling him to a total of $213,000 in monetary damages, as well as an order suspending defendants' law licenses. Because Hodges is incarcerated, his complaint must be screened pursuant to 28 U.S.C. § 1915A. Having reviewed the complaint, the court concludes that it must be dismissed for lack of subject matter jurisdiction.

A federal district court's jurisdiction is limited, meaning that generally it may only hear a case if Congress has authorized it. With limited exceptions inapplicable here, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are

citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

In this case, Hodges appears to be raising legal malpractice claims against defendants. Malpractice is a claim that arises under state law. *Tallmadge v. Boyle*, 2007 WI App 47, ¶ 15, 300 Wis. 2d 510, 522, 730 N.W.2d 173, 179; *Abbott v. Marker*, 2006 WI App 174, 295 Wis. 2d 636, 722 N.W.2d 162. Therefore, no federal question is implicated and jurisdiction is not present under § 1331. With respect to § 1332, Hodges also alleges that defendants and he *all* live in Wisconsin, defeating any claim to diversity jurisdiction on the face of his complaint. Accordingly, Hodges must pursue his malpractice claims in state court.

Moreover, to the extent Hodges was not seeking to bring malpractice claims, but was instead seeking to challenge the fairness of the underlying criminal proceedings and the lawfulness of his conviction generally, that challenge is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). After *Heck,* a plaintiff is precluded from bringing claims for damages if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* In other words, to the extent Hodges is attempting to challenge his state court conviction through this lawsuit, he cannot, unless his conviction has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

For all of the foregoing reasons, Hodges' complaint must be dismissed for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 16th day of August, 2016.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge